UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIT BANK, N.A.,<br><br>                                Plaintiff,<br><br>vs.<br><br>WILLIAM COVINO, BOARD OF DIRECTORS OF EAGLE WOOD VISTAS HOMEOWNERS ASSOCIATION, INC.<br><br>                                Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff, CIT Bank, N.A., formerly known as OneWest Bank N.A., formerly known OneWest Bank, FSB (CIT" or "Plaintiff") alleges by and through its attorneys, Windels Marx Lane & Mittendorf, LLP, by way of its Complaint against the defendants as follows:

## NATURE OF THE ACTION

1. This is an action to foreclose a mortgage encumbering property located at Section 24, Block: 1, Lot: 45.2 on the Tax Map of Town of Warwick, County Orange, State of New York, more commonly known as 10 Eagle Wood Vista Lane, Pine Island, New York 10969 a/k/a 10 Eagle Wood Vista Lane, Pine Island, New York 10969 and which is more particularly described and identified by the legal metes and bounds description of the land included and improvements thereon described in Schedule A annexed hereto and made a part hereof (the "Mortgaged Property" or "Property").

## THE PARTIES

2. Plaintiff, CIT, is a national association, which maintains its principal place of business at 75 North Fair Oaks Ave, Pasadena, California 91103.

3. Plaintiff is the holder of the Note and Mortgage (defined below).

4. Defendant William Covino is a natural person and a New York resident, having an address at 10 Eagle Wood Vista Lane, Pine Island, New York 10969 a/k/a 10 Eagle Wood Vista Lane, Pine Island, New York 10969 and is an owner of the Mortgaged Property and original obligor on the subject loan.

5. Defendant Board of Directors of Eagle Wood Vista Homeowners Association, Inc. is named because it has or may claim to have a lien against the Property for unpaid common and/or maintenance charges which is subordinate to Plaintiff's interest in the property.

6. Each of the above-named defendants (collectively "Defendants") have, claims to have, or may claim to have some interest in or lien upon the Mortgaged Property or some part thereof, and any such lien or interest is subject and subordinate to, the lien of the Mortgage.

## JURISDICTION

7. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §1332 because there is complete diversity jurisdiction.

8. All named Defendants to this action are of diverse citizenship to Plaintiff:

   (a) Defendant William Covino is a domiciliary of the State of New York.

   (b) Defendant Board of Directors of Eagle Wood Vista Homeowners Association, Inc. is a domiciliary of the State of New York.

   (c) Plaintiff maintains its principal place of business in the State of California (see 28 U.S.C. § 1332(C)(1)).

9. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs (see 28 U.S.C. §1332), in that the amount in controversy herein is $386,647.91, the unpaid principal balance of the loan, exclusive of costs and interest thereon.

## VENUE

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) as two of the

named defendants to this action either reside and/or have a place of business in the State of New York.

11. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events and omissions giving rise to the claims in this action occurred in this District and the Mortgaged Property which is the subject matter of the action is wholly situate in this District.

**THE LOAN TRANSACTION**

12. On or about May 16, 2007, defendant William Covino ("Borrower") executed and delivered to IndyMac Bank, F.S.B., a federally chartered savings bank ("IndyMac") a promissory note ("Note") evidencing a loan made to Borrower in the principal amount of seven hundred fifty two thousand and 00/100 dollars ($752,000.00) with interest as provided therein.

13. On or about May 16, 2007, defendant William Covino ("Mortgagor") duly executed, acknowledged, and delivered a mortgage ("Mortgage") to IndyMac, for the purpose of securing payment of the indebtedness set forth in the Note, wherein and whereby Mortgagor mortgaged the Property to IndyMac.

14. On June 13, 2007, the Mortgage was duly recorded in the Orange County New York Clerk's Office with file number 20070067112 and the requisite mortgage recording tax and all other fees were duly paid thereon.

15. On July 11, 2008, the Office of Thrift Supervision ("OTS") closed IndyMac and appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver for IndyMac. On that same date, the OTS created a new entity, IndyMac Federal Bank, FSB ("IndyMac Federal"), into which IndyMac's assets were transferred, and appointed the FDIC as Conservator for IndyMac Federal. On March 19, 2009, the OTS changed the FDIC's role and appointed the FDIC as

Receiver for IndyMac Federal.

16. On March 18, 2009, IndyMac Federal and OneWest entered into a Master Purchase Agreement whereby IndyMac Federal agreed to transfer substantially all of the assets of IndyMac Federal to OneWest.

17. On March 19, 2009, Plaintiff, then known as OneWest Bank, FSB, and the FDIC as Receiver of IndyMac Federal entered into a Loan Sale Agreement pursuant to which OneWest acquired certain mortgage loans, including Defendant's mortgage loan. The transfer of the Note and Mortgage to Plaintiff was further memorialized by an Assignment of Mortgage dated January 25, 2010 that assigned the Note and Mortgage to Plaintiff

18. On or about November 1, 2010 certain terms of the Note were modified by agreement of the Plaintiff (the "Modification Agreement"). The Modification Agreement stated, among its provisions, that: (a) the new principal balance under the Note was nine hundred eight thousand sixty six and 83/100 dollars ($908,066.83); (b) the interest rate stated in the Note would be to 2.000% and that the interest rate would change thereafter in accordance with Section 5 of the Modification Agreement; and (c) the monthly principal and interest payment would be changed to $1,311.72 and that the monthly payment would change thereafter in accordance with Section 5 of the Modification Agreement.

19. The Mortgage constitutes a valid and binding first lien on the Mortgaged Property enforceable in accordance with its terms, with priority superior in right to that of any other party.

20. To-date, Plaintiff remains the owner and assignee of the Note and Mortgage.

## OTHER TERMS OF THE LOAN DOCUMENTS

21. The Note and the Mortgage state that if the Mortgagors do not pay the full amount of each monthly payment on the date it is due, they will be in default. In such an event, the

holder of the Mortgage may send a notice of default to the Mortgagors, letting them know that the overdue amount must be paid by a certain date.

22. The Note and Mortgage further provide that the holder of the Mortgage may accelerate the entire principal amount outstanding and accrued interest in the event the Mortgagors fail to pay the overdue amount by the time set out in the notice of default.

23. Paragraph 7(C) of the Note titled "Notice of Default" states that:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

24. Paragraph 22 of the Mortgage enumerates "Lender's Rights if Borrower Fails to Keep Promises and Agreements." This paragraph states, in pertinent part,:

> … [I]f all of the conditions stated in subsections (a), (b) and (c) of this Section 22 are met, Lender may require that [Mortgagor] pay immediately the entire amount then remaining unpaid under the Note and under this Security Instrument. Lender may do this without making any further demand for payment. This requirement is called 'Immediate Payment in Full.'
> 
> If Lender requires Immediate Payment in Full, Lender may bring a lawsuit to take away all of [Mortgagor's] remaining rights in the Property and have the Property sold. At this sale Lender or another person may acquire the Property. This is known as 'Foreclosure and Sale.' In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount [Mortgagor] owe[s] Lender, which fees shall become part of the Sums Secured.
> 
> Lender may require Immediate Payment in Full under Section 22 only if all of the following conditions are met:
> (a) [Mortgagor] fail[s] to keep any promise or agreement made in this Security Instrument or the Note, including, but not limited to, the promises to pay the Sums Secured when due, or if another default occurs under this Security Instrument;

(b) Lender sends to [Mortgagor], in the matter described in Section 15 of this Security Instrument, a notice that states:
   (1) The promise or agreement that [Mortgagor] failed to keep or the default that has occurred;
   (2) The action that [Mortgagor] must take to correct that default;
   (3) A date by which [Mortgagor] must correct the default. That date will be at least 30 days from the date on which the notice is given;
   (4) That if [Mortgagor] do[es] not correct the default by the date stated in notice, Lender may require Immediate Payment in Full and Lender or another Person may acquire the Property by means of foreclosure and sale
   (5) That if [Mortgagor] meet[s] the conditions stated in Section 19 of this Security Instrument, [Mortgagor] will have the right to have Lender's enforcement of this Security Instrument stopped and to have the Note and this Security Instrument remain fully effective as if Immediate Payment in Full had never been required; and
   (6) That [Mortgagor] ha[s] the right in any lawsuit for Foreclosure and Sale to argue that [Mortgagor] did keep [his/her] promises and agreements under the Note and under this Security Instrument, and to present any other defenses that [Mortgagor] may have; and
(c) [Mortgagor] do[es] not correct the default stated in the notice from Lender by the date stated in that notice.

## DEFAULT AND NOTICES

25.  On November 11, 2016, Mortgagor failed to comply with the terms and provisions of the Note and Mortgage by failing to make the monthly installment payment due on that day comprising principal, interest and other sums required by the Note and Mortgage and by failing to make all subsequent monthly installment payments due thereafter.

26.  On January 10, 2017, pursuant to the provisions of the Mortgage, a notice compliant in all respects with the requirements of notice enumerated in Paragraph 15 (entitled "Notices Required under this Security Instrument") of the Mortgage, and Paragraph 22 of the Mortgage (as alleged above), was sent to Mortgagor, notifying Mortgagor of his failure to make

the payments and setting forth each of the other matters required by Paragraph 22 of the Mortgage to be set forth therein.

27. On October 11, 2016, pursuant to the provisions of New York Real Property Actions and Proceedings Law (hereinafter "RPAPL") §1304, ninety (90) day pre-foreclosure notices were sent to Mortgagor.

28. Pursuant to the provisions of RPAPL §1306, Plaintiff timely filed a copy of the ninety (90) day pre-foreclosure notices with the New York State Department of Financial Services.

29. The default alleged above constitutes Mortgagors' failure to keep the promises and agreements made in the Note and Mortgage, and has not been cured, notwithstanding the notifications sent and filed.

30. Mortgagors' defaults continue through the date of this Complaint, unabated.

## **ACCELERATION AND FORECLOSURE**

31. Plaintiff therefore elects, and hereby elects, to declare the entire balance of the principal indebtedness and all interest and other charges due under said Note and Mortgage immediately due and payable.

32. As of March 20, 2017 there was due and owing to Plaintiff the unpaid principal sum of $386,647.91 plus interest thereon, together with accrued late charges and related expenses incurred in protecting Plaintiff's security in the amount as shall be computed by the Court, a Referee, or a Special Master.

33. Pursuant to the provisions set forth in paragraph 22 of the Mortgage, Plaintiff also seeks recovery of all reasonable attorneys' fees incurred in connection with this foreclosure

action.

34. During the pendency of this action, in order to protect its security, Plaintiff may be compelled to pay taxes, assessments, water rates, insurance premiums, and/or other charges affecting the Mortgaged Property, and Plaintiff requests that any sums so paid by it shall be added to the sum otherwise due herein, and be deemed secured by the Note and Mortgage and adjudged a valid lien upon the Mortgaged Property.

35. No other action has been commenced at law or otherwise that is still pending for recovery of the monies or any part thereof evidenced by the Note and secured by the Mortgage.

36. In the event Plaintiff possesses any other lien(s) against the Mortgaged Property, either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's claim(s) set forth in this Complaint, but that Plaintiff enforces said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including without limitation, any surplus money proceedings following a foreclosure sale in this matter.

37. Plaintiff requests that in the event that this action proceeds to judgment of foreclosure and sale, the Mortgaged Property be sold, subject to the following:

   a. Any state of facts that an inspection of the Mortgaged Property would disclose;
   b. The state of facts that surveys of the Mortgaged Property might disclose;
   c. Sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;
   d. Covenants, reservations, restrictions, easements and public utility agreements of record, if any;
   e. Building and zoning ordinances of the municipalities in which the Mortgaged Property are located and possible violations of same;
   f. All rights of tenants or persons in possession of the Mortgaged Property other than tenants, if any, named as defendants in this action;
   g. Any equity of redemption of the United States of America, to redeem the Mortgaged Property or any part thereof after the date or sale; and
   h. Prior liens of record prior to the Mortgage, if any.

38. If it becomes necessary to protect the security and the lien of the Mortgage and its priority and the rights of a purchaser at the foreclosure sale, for Plaintiff to pay taxes, assessments, vault charges, water and sewer charges, plus interest and penalties thereon, that are or may become liens upon the Mortgaged Property (including purchase and/or redemption of liens and certificates sold at tax sales), taxes, and other charges that must be paid as a prerequisite to recording the referee's deed in foreclosure, premiums of insurance policies and other charges, costs of service, repairs, and maintenance incurred for protection of the security, then Plaintiff hereby demands that any monies that may so be expended shall be added to the amount evidenced and secured by the Mortgage, or any judgment of foreclosure and sale entered herein, together with interest thereon from the time of such payment and that the same be paid to Plaintiff from the proceeds of the foreclosure sale herein.

39. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of payment after the date of the commencement of this action, or by reason of any attempt to cure any or all of the defaults mentioned herein; such election shall continue and remain effective until the costs and disbursements of this action, and any and all present and future defaults under the Note and Mortgage, occurring prior to the discontinuance of this action, are fully paid and cured.

**WHEREFORE**, Plaintiff demands judgment that Defendants and all persons claiming under them subsequent to the commencement of this action and the filing of a notice of pendency thereof, may be forever barred and foreclosed of and from all estate, right, title, interest, claim, lien or equity of redemption of, in and to the Mortgaged Property and each and every part and parcel thereof; that the Mortgaged Property may be decreed to be sold in one parcel subject to the matters set forth herein, and that the monies arising from such sale may be brought into

Court; that Plaintiff may be paid the amount due upon the said Note and Mortgage as hereinbefore set forth, with interest to the time of such payment, and the expenses of such sale, together with the costs, allowances and disbursements of this action, and together with any monies advanced and paid pursuant to any term or provision of the Note and Mortgage or to protect the lien of Plaintiff's Mortgage, with interest upon the said amounts from the dates of the respective payments and advances thereof, and Plaintiff's reasonable attorney's fees and costs, so far as the amount of such monies properly applicable thereto will pay the same, and that defendant William Covino may be adjudged to pay any deficiency remaining after the application of such monies as aforesaid, and that Plaintiff may have such other and further relief herein as may be just and proper.

Dated: New York, New York
December 5, 2017

**WINDELS MARX LANE & MITTENDORF, LLP**,

By: _____/s/ Sean K. Monahan_____
Sean K. Monahan, Esq.
156 West 56th Street
New York, New York 10019
(212) 237-1000
*Attorneys for Plaintiff CIT Bank, N.A.*

{11350145:1}
305045.152

# SCHEDULE A

## Legal Description

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, situate, lying and being in the Town of Warwick, County of Orange, and State of New York, being bounded and described as follows:

BEING Lot No. 2 on a certain subdivision map entitled "Final Subdivision Prepared for Eagle Wood Vistas, Town of Warwick, Orange County, New York" and filed in the Orange County Clerk's Office on June 1, 2005 as Map No. 435/05.

Together with rights to use the private road as described in the Declaration of Private Road, Drainage and Infrastructure Maintenance, Agricultural and Ridgeline Protection recorded in Liber 11783, Page 754, Orange County Clerk's Office.

# NOTICE PURSUANT TO THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. SECTION 1692 AS AMENDED

1. There is, as of March 20, 2017, due and owing pursuant to the promissory note and mortgage as modified, as described in the Complaint: the aggregate sum of $450,279.00 for unpaid principal balance, interest, accumulated late charges, and recoverable balance; in addition, attorneys' fees, costs, and disbursements have been incurred by the Creditor due to the Mortgagors' defaults, which are not included in the above sum. Per Diem interest continues to accrue, in addition to other sums.

2. The Plaintiff is the creditor to whom the debt is owed.

3. The debt described in the Complaint attached hereto will be assumed to be valid by the Creditor's law firm, unless the debtor, within thirty (30) days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4. If the Debtor notifies the Creditor's law firm in writing within thirty (30) days of the receipt of this notice that the debt or any portion thereof is disputed, the Creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the Debtor by the Creditor's law firm.

5. If the Creditor that is named as the assignee (holder) of the Mortgage in the attached complaint is not the original creditor, and if the Debtor makes written request to the Creditor's law firm within thirty (30) days from the receipt of this notice, the name and address of the original creditor will be mailed to the Debtor by the Creditor's law firm.

6. Written request should be addressed to the attorney whose signature, name and address appear below.

7. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Dated: New York, New York
December 5, 2017

**WINDELS MARX LANE & MITTENDORF, LLP**

By: __/s/ Sean K. Monahan_____
Sean K. Monahan, Esq.
156 West 56th Street
New York, New York 10019
(212) 237-1000
*Attorneys for Plaintiff CIT Bank, N.A.*