UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CIT BANK, N.A.,

                    Plaintiff,

-against-

WILLIAM COVINO and BOARD OF DIRECTORS OF
EAGLE WOOD VISTA HOMEOWNERS
ASSOCIATION, INC.,

                    Defendants.

17-cv-09579 (NSR)
OPINION AND ORDER



NELSON S. ROMÁN, United States District Judge:

    Plaintiff CIT Bank, N.A. ("Plaintiff" or "CIT"), as mortgagee, commenced the instant mortgage foreclosure action against Defendants William Covino ("Covino") and the Board of Directors of Eagle Wood Vista Homeowners Association, Inc.,[1] on or about December 6, 2017, seeking to foreclose of the subject premises, 10 Eagle Wood Vista Lane, Pine Island, NY 10969 (the "subject premises"), due to Defendant Covino's, the mortgagor, failure to make timely payments. (ECF No. 1.) Presently before the Court is Plaintiff's motion for Summary Judgment, pursuant to Fed.R.Civ.P. 56 ("Rule 56").[2] (ECF No. 47.) For the following reasons, Plaintiff's Motion for Summary Judgment is DENIED without prejudice.

**BACKGROUND**

    The relevant facts are drawn from the complaint and the submissions of the parties on this motion. These facts are viewed in the light most favorable to the nonmoving party. See *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 456 (2d Cir. 2007). Any factual disputes are noted.

---

    [1] Plaintiff named the Board of Directors of Eagle Wood Vista Homeowners Association, Inc. as defendants in the event they assert a lien on the property due to Covino's failure to pay homeowner's common and/or maintenance fees.

    [2] Attached to Plaintiff's Motion for Summary Judgment is a notice to *pro se* Defendant informing him of the nature and consequences of summary judgment as required under *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620–21 (2d Cir. 1999). Additionally, Plaintiff attached a copy of Rule 56.

Plaintiff is a national association which maintains its principal place of business in Pasadena, California. Plaintiff is a mortgage corporation duly organized and existing under and by virtue of the laws of the State of New York. Plaintiff is the holder of a promissory note and mortgage secured by real property, the subject premises.

On May 16, 2007, Defendant Covino, as borrower, executed a promissory note and mortgage ("Covino Mortgage") evincing a loan made in the amount of $752,000.00, secured by real property, the subject property. The promissory note and mortgage were delivered to IndyMac, the lender. On June 13, 2007, the mortgage was duly recorded in the Orange County, N.Y., County Clerk's Office. On March 19, 2009, Plaintiff, formerly known as One West Bank, FSB, and the FDIC as receiver of IndyMac entered into a loan sale agreement whereby One West Bank FSB acquired certain mortgage loans, including the Covino Mortgage. The assignment of the mortgage, made by the loan sale agreement, from IndyMac to One West Bank FSB was recorded in the Orange County, N.Y., County Clerk's Office.

On February 28, 2014, One West Bank, FSB changed its name to One West Bank, N.A. On December 1, 2016, CIT Group, Inc. acquired IMB Holdco LLC, the parent company of One West Bank N.A. As part of the acquisition, One West Bank N.A. changed its name to CIT Bank N.A. (Mot. For Sum. Judg., Exh. 2) Thus, Plaintiff is the holder of the promissory note and Covino Mortgage, secured by the subject property.

**LEGAL STANDARD**

Pursuant to Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents . . . [and] affidavits or declarations," *see* Fed. R. Civ. P. 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may support an assertion that there is no genuine dispute of a particular fact by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the nonmoving party to raise

the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008); *Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summary order). Courts must "draw all rational inferences in the non-movant's favor," while reviewing the record. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Importantly, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249; *see also Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010). Rather, "the inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250. Summary judgment should not be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

Critically, in opposition to a motion for summary judgment "[s]tatements that are devoid of any specifics, but replete with conclusions" will not suffice. *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation") (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)).

**DISCUSSION**

Claims concerning title to real property are determined by the law of the state where the property is located. *See TEG N.Y. LLC v. Ardenwood Estates, Inc.*, 2004 WL 626802, *3 (E.D.N.Y. Mar. 30, 2004) (citing *El Cid Ltd. v. N.J. Zinc Co.*, 575 F.Supp. 1513, 1515 (S.D.N.Y.1983), aff'd, 770 F.2d 157 (2d Cir.1985)). The subject property is located in New York. Accordingly, New York law applies.

In a New York mortgage foreclosure action, a plaintiff seeking summary judgment must establish three elements: (1) the existence of a mortgage, (2) a promissory note, and (3) evidence of a default on the note by the mortgagor (borrower). *See Wells Fargo Bank, N.A. v. Ullah*, No. 13-cv-485, 2015 WL 3735230 (S.D.N.Y. June 15, 2015) (*quoting E. Sav. Bank, FSB v. Bright*, No. 11-cv-1721, 2012 WL 2674668 (E.D.N.Y. July 5, 2012)); *E. Sav. Bank, FSB v. Ferro*, No. 13-cv-5882, 2015 WL 778345 (E.D.N.Y. Feb. 24, 2015); *CIT Bank, N.A. v. O'Sullivan*, No. 14-cv-5966, 2016 WL 2732185, at *4 (E.D.N.Y. May 10, 2016). Typically, the elements of a claim seeking mortgage foreclosure are demonstrated through the introduction of documentary evidence.

In support of its motion for summary judgment, Plaintiff submits the affidavit of Yvette Tuggle ("Tuggle"), the Assistant Secretary of LoanCare, LLC, which services mortgage loans for Plaintiff. (Mot. For Sum. Judg., Exh. 6.) Significantly, Tuggle avers that as the loan servicer for Plaintiff, she is familiar with the "Note and Mortgage, which is the subject of this action, as well as the books and records kept and maintained by LoanCare" regarding the subject property.[3] *Id.* The records of LoanCare are maintained in the ordinary course of business and it is the regular practice of LoanCare's business to make these records. *Id.*

Tuggle avers that on or about June 13, 2007, Defendant Covino executed, acknowledged and delivered a mortgage to IndyMac for the purpose of securing a loan. *Id*. The mortgage was duly recorded in Orange County.[4] *Id.* On or about March 19, 2009, the note and mortgage were sold to One West Bank, FSB.[5] *Id.* One West Bank, FSB subsequently changed its name to One West N.A.[6] *Id.* Thereafter, One West N.A. changed its name to CIT Bank, N.A. as part of an acquisition.[7] *Id.* Upon a review of the relevant documents, Tuggle avers that on November 11, 2016, Defendant Covino defaulted on the note and mortgage by failing to make a monthly installment payment. Further, Defendant Covino has failed to make any payments since November 11, 2016.

---

[3] A copy of a limited power of attorney authorizing LoanCare to serve as Plaintiff's loan servicer is attached to Tuggle's affidavit.

[4] A copy of the note and mortgage executed by Plaintiff is attached to Tuggle's affidavit

[5] A copy of the assignment of note and mortgage, which was recorded, is attached to Tuggle's affidavit.

[6] A copy of the name change documentation is attached to Tuggle's affidavit.

[7] A copy of the name change documentation is attached to Tuggle's affidavit.

Conspicuously missing from Plaintiff's submissions are records maintained by LoanCare referenced in Tuggle's affidavit which support her assertion of Defendant Covino's alleged default.

In opposition to the motion, Defendant Covino raises multiple objections including Tuggle's alleged lack of personal knowledge, the lack of an indebtedness, and Plaintiff's lack of standing. (ECF No. 46, 49.) Rule 56(c)(1) provides in relevant part that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to materials in the record, consisting of depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Other than to assert that no indebtedness exists, Defendant Covino does not submit any evidence, documentary or otherwise, in support of his assertion.

When a defendant calls into question a plaintiff's standing to bring a mortgage foreclosure action, the plaintiff is required to prove its standing as part of its prima facie showing. *See Deutsche Bank Natl. Trust Co. v. Cunningham*, 142 A.D.3d 634, 635 (N. Y. App. Div. 2d Dept. 2016) (internal citations omitted). A plaintiff establishes it has standing by demonstrating that at the time the action was commenced it was either the holder or assignee of the underlying note. *Id.; see also U.S. Bank, Nat. Ass'n v. Noble*, 144 A.D.3d 786 (N.Y. App. Div. 2d Dept. 2016). Here, Plaintiff has presented the sworn affidavit of Tuggle, a copy of the original note and mortgage signed and notarized by Defendant Covino, documentation demonstrating the assignment of the note and mortgage, and name change documentation. Contrary to Defendant Covino's contention, collectively the evidence demonstrates that at the time of the commencement of this action, Plaintiff was the holder of the underlying note and mortgage. Thus, Plaintiff has standing to sue.

Lastly, Defendant Covino's contention that Tuggle's sworn statement should be disregarded lacks merit. As previously discussed, Rule 56(c)(1) permits the court to consider depositions, affidavits and or declarations. In essence, sworn statements are deemed admissible. It is undisputed that Tuggle's affidavit is sworn and thus in admissible form. However, what is lacking from Plaintiff's submission is proof of an indebtedness. While Tuggle avers that the Defendant Covino has failed to make any monthly payments as of November 11, 2016,

such assertion is based on business record maintained by LoanCare, the loan servicer, on behalf of Plaintiff. Nowhere in the record or in any of the submissions has Plaintiff presented to the Court documentary evidence of Defendant Covino's alleged default. Plaintiff asserts that Tuggle's affidavit should suffice. The Court disagrees. If Tuggle's sworn assertion, without the documentary evidence to support the indebtedness, is sufficient, then Defendant Covino's undocumented assertion of not defaulting would be sufficient to raise a triable issue of fact. Since Plaintiff, as movant, bears the burden of demonstrating that there no genuine dispute as to a material fact, warranting the granting of summary judgment, Plaintiff's failure to present evidence of a default warrants denial. Accordingly, Plaintiff's motion for summary judgment is denied without prejudice.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Summary Judgment is DENIED without prejudice. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 47, and to mail a copy of this Opinion and Order to *pro se* Defendant Covino and show proof of service on the docket. Plaintiff shall have twenty-one days from date of this opinion to notify the Court of its intention to re-file its motion, at which point the Court will set a briefing schedule. Otherwise, the parties are directed to appear at a telephonic status conference on November 6, 2020 at 2:15 pm. To access the teleconference, please follow these directions: **(1) Dial the Meeting Number: (877) 336-1839; (2) Enter the Access Code: 1231334 #; (3) Press pound (#) to enter the teleconference as a guest**.

SO ORDERED:

Dated: October 6, 2020
      White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge