USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/07/2023

At the United State District Court – Southern District of New York, at the Federal Building and United States Courthouse thereof, at 300 Quarropas St., White Plains, NY 10601, on the _____ day of _____, 20___.

HON. NELSON S. ROMAN, J.S.C.
-------------------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST VI-A,

                             Plaintiff

-against-

WILLIAM COVINO: BOARD OF DIRECTORS OF EAGLE WOOD VISTAS HOMEOWNERS ASSOCIATION, INC.,

                             Defendants
-------------------------------------------------------------------------X

Index No. 17-cv-09579-NSR

**JUDGMENT OF FORECLOSURE AND SALE**

**Mortgaged Premises**
10 Eaglewood Vista Lane
Warwick, NY 10990

**Section:** 24
**Block:** 1
**Lot:** 45.2

**Mortgage Servicer**: AMIP Management, LLC
**Mortgage Servicer Phone #:** (800) 931-2424

**ON** the Verified Complaint filed in the United States District Court – Southern District of New York on December 6, 2017, and Notice of Pendency duly filed in the Orange County Clerk's Office on November 11, 2019 and Successive Notice of Pendency filed on November 10, 2022, and all proceedings thereon; and on reading and filing the Notice of Motion dated October 3, 2023, Affirmation of Sean K. Monahan, Esq. dated October 3, 2023, with exhibits annexed thereto, showing that all of the Defendants herein have been duly served within this State with a copy of the Summons in this action, or have voluntarily appeared pro se or by their respective attorneys, or after due diligent efforts to effectuate service having been unsuccessful and a determination made that such service upon certain Defendants cannot be effected; and on proof of service upon and appearance, if any, by the Defendants herein heretofore filed in this action; and stating that more than the legally required number of days have elapsed

since said Defendants were so served; and that all Defendants herein have defaulted in pleading by failing to serve an answer to said Complaint except William Covino, nor has their time to do so been extended; and

**ON** the Summary Judgment granted and entered in the United States District Court – Southern District of New York on September 14, 2022, granting plaintiff summary judgment and striking the defendant's affirmative defenses and counterclaims, and appointing Benjamin Greenwald, Esq. as Referee in this action to ascertain and compute the amount due Plaintiff for principal, interest and advances made pursuant to the Note and Mortgage, and to examine the Plaintiff or its agent on oath as to allegations of the complaint, and to examine and report whether the Mortgaged Premises should be sold in one or more parcels;

**AND** on reading and filing the oath and report of the aforesaid Referee sworn to and dated June 7, 2023, it appears that the sum of $1,102,599.45 was due the Plaintiff for principal, interest and advances made pursuant to the Note and Mortgage, as of January 1, 2023, plus interest for every day thereafter, on the date of said Report and that the Mortgaged Premises should be sold in one parcel;

**NOW**, on motion of **Friedman Vartolo LLP**, the attorneys for the Plaintiff, it is:

**ORDERED**, that the instant motion is granted; and it is further

**ORDERED, ADJUDGED AND DECREED** that the report of Benjamin Greenwald, Esq. dated June 7, 2023, be, and the same is hereby, in all respects, ratified and confirmed; and it is further

**ORDERED, ADJUDGED AND DECREED** that by accepting this appointment the Referee certifies that they are in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, section 36.2(c) ("Disqualification from appointment"), and section 36.2(d) ("Limitations on appointments based upon compensation"); and it is further

**ORDERED, ADJUDGED AND DECREED** that the Mortgaged Premises 10 Eaglewood Vista Lane, Warwick, NY 10990; a description of said Mortgaged Premises is annexed hereto and made a

part hereof as Schedule A (hereinafter "Mortgaged Premises") as further described in the complaint in this action, or such part thereof as may be sufficient to discharge the mortgage debt under the Note and Mortgage, the expenses of the sale and the costs of this action as provided by the Real Property Actions Proceeding Law be sold, in one parcel, at public auction at the Hon. Charls L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, New York 10601 by and under the direction of Benjamin Greenwald, Esq., who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of such sale in accordance with the law, practice of this Court and RPAPL §231 in the Times Herald Record and that the Plaintiff or any other party to this action may become the purchaser at such sale; that in case the Plaintiff or its assignee shall become the purchaser at the said sale, they shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the event a party other than the Plaintiff or its assignee becomes the purchaser or purchasers at such sale they shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale and if such closing is required, and the Referee seeks and is awarded additional fees for said closing, those fees shall be paid by purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff may assign its interests and rights under the instant Judgment to a third party of its choosing by filing an Assignment of Cause of Action with the County Clerk and providing a copy to the Referee appointed within the instant order; and it is further

**ORDERED, ADJUDGED AND DECREED**, that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee on receiving the proceeds of the sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further,

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff or any other party that may become the purchaser or purchasers at such sale shall pay all transfer taxes and recording expenses, any and all maintenance fees and assessments, taxes, water rates, and any fees associated with the transfer of title for the Mortgaged Premises accrued from the sale date forward are the obligation of the purchaser, and that in the event a party, other than Plaintiff, becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale, including Plaintiff and that failure of the purchaser(s) to close within thirty days may result in forfeiture of any deposit tendered by purchaser(s), in lieu of closing, and that Plaintiff reserves the right to sell to the next highest bidder at said sale; that any purchaser, other than Plaintiff, shall pay interest on the purchase price from the date of sale to the date of delivery of the deed; that in case Plaintiff shall become the purchaser at the said sale, it shall not be required to make any deposit thereon; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in the Referee's IOLA account, and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository;

**FIRST:** That statutory fees of the Referee pursuant to CPLR §8003(b) which shall not exceed the sum of $750.00 unless the sale price (the amount of the accepted bid) exceeds $50,000.00 In the event the sale price exceeds fifty thousand dollars and additional compensation (including commissions) in excess of $750.00 is sought pursuant to CPLR §8003(b) and if no surplus monies are produced by the sale, the

parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court. Where surplus monies will be available following the distribution of sums as provided herein, or where the parties are unable to agree to the Referee's proper compensation under CPLR §8003(b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of equity of redemption. Such application shall be promptly submitted to the Court within five days of the transfer of deed and prior to filing the Report of Sale. The five-day period for payment of surplus money into Court as set forth in RPAPL §1354(4), and the thirty-day period set forth in RPAPL §1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

In the event the scheduled sale is cancelled or postponed, pursuant to CPLR §8003(a), Plaintiff shall compensate the Referee the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. This order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $750.00, including compensation authorized pursuant to CPLR §8003(a) for computation of the sum due to Plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provision of Section 36.4 of the Rules of the Chief Judge.

**SECOND**: The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale and the NYC Transfer Tax, pursuant to 19 RCNY 23-03(d)(2), if applicable, payable within 30 days of delivery of deed pursuant to 19 RCNY 23-08(a). The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. Purchaser *and any title company hired by the Purchaser* shall be responsible for any penalties or fees incurred as a result of late payment of the tax as required pursuant to City Administrative Code 19 RCNY 23-08(a) which requires payment within 30

days. The Purchaser shall hold the Referee harmless from any such penalties as a result of late payment of these taxes.

**THIRD**:   Pursuant to Real Property Actions and Proceedings Law 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed Mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon the date of payment.

**FOURTH**:   Said Referee shall also pay to the Plaintiff or Plaintiff's attorney, the sum of $1,370.00 for costs and disbursements in this action with interest thereon from the date hereof; and also the sum of $1,102,599.45, the said amount so reported due as aforesaid, together with contractual interest thereon from January 1, 2023, the date interest was calculated to in said report to the date of entry of this Order, and thereafter the statutory post-judgment date to the date of transfer of title, or so much thereof as the purchase money of the Mortgaged Premises will pay of the same, together with reasonable attorney's fees in the sum of $1,875.00 as provided for in paragraph 22 of the Mortgage, together with any advances as provided for in the Note and Mortgage which plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation, upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the Note and Mortgage as above provided. Copies of such receipts shall be annexed to the Referee's Report of Sale pursuant to RPAPL §1355; and it is further

**ORDERED, ADJUDGED AND DECREED** that in case the Plaintiff or Plaintiff's assignee be purchaser of said Mortgaged Premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under the judgment shall be assigned to and be acquired by the Plaintiff or

Plaintiff's assignee, and a valid assignment thereof filed with said Referee, said Referee shall not require the Plaintiff or its assignee to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the premises sold upon the payment to said Referee of the amount specified above in items marked "**FIRST**," "**SECOND**" and "**THIRD**," if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount of the bid, after deducting the aforesaid amounts paid to the Referee for compensation and expenses, taxes, assessments, sewer rents and water rents, and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Referee upon the amounts due to the plaintiff specified in item marked "**FOURTH**." If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff or its assignee, the Plaintiff or its assignee shall pay to said Referee, upon delivery to Plaintiff or its assignee of said Referee's deed, the amount of the surplus [which will be applied by the Referee upon motion made pursuant to RPAPL §1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL §1354(3), which payments shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL §1354(4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by Plaintiff at the time of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee shall take the receipt of the Plaintiff's or the attorneys for the Plaintiff for the amounts paid as directed in item "**FOURTH**," and file it with his/her Report of Sale; that he/she deposit surplus monies, if any, with the Orange County Clerk within five days after the same shall be received unless such period is deemed to be extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be

withdrawn only on Order of this Court, signed by a Justice of the Court; that said Referee shall make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Orange County Clerk within thirty days after completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff or its assignee with interest and costs as aforesaid, the Plaintiff or its assignee shall recover from the Defendant, William Covino, the whole deficiency or so much thereof the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after the sale of the Mortgaged Premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action ; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchasers at such sale be let into possession upon service of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each and all of the Defendants in this action and all persons claiming under them, or any of either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in said Mortgaged Premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show, and covenants,

restrictions, declarations, reservations, easements, rights of way and public utility agreement of record, if any; any building and zoning ordinances of the municipality in which the Mortgaged Premises is located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in §1354 of the Real Property Actions and Proceeding Law; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from date of sale; any right pursuant to CPLR 317, 2003 and 5015 or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

**ORDERED**, that in the absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED**, that the Referee appointed herein is subject to the requirements of FRCP 53, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

**ORDERED**, that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption, as of the date of this Order, any tenants named in this action and any other party entitled to notice within twenty days of entry and no less than thirty (30) days prior to sale.

Plaintiff is directed to mail a copy of this Judgment of Foreclosure and Sale to corporate Defendant and pro se Defendant at both addresses and file proof of service on the docket. The Clerk of the Court is directed to terminate the motion at ECF No. 78.

Dated: 11/07/2023  
White Plains, NY

HON. NELSON S. ROMAN  
United States District Judge

## SCHEDULE A—LEGAL DESCRIPTION

All that certain Plot, Piece or Parcel of Land, situate, lying and being in the Town of Warwick, County of Orange, and State of New York, being bounded and described as follows: Being Lot No. 2 on a certain subdivision map entitled "Final Subdivision Prepared for Eagle Wood Vistas, Town of Warwick, Orange County, New York" and filed in the Orange County Clerk's Office on June 1, 2005 as Map No. 435/05. Together with rights to use the private road as described in the Declaration of Private Road, Drainage and Infrastructure Maintenance, Agricultural and Ridgeline Protection recorded in Liber 11783, Page 754, Orange County Clerk's Office.